## Hornsby et al. v. International Harvester Co.

May 6, 1949.

George R. Pope for appellants.

Sampson & Sampson for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is a workmen's compensation case in which the full Board awarded appellants, dependents of a deceased employee, $12 a week for 400 weeks. The award was reversed by the Court below with directions to dismiss appellants' claim.

The sole issue in the case is whether or not the deceased suffered an injury, while working for appellee, which caused his death. He was an able bodied man, 50 years of age, and was employed by appellee as a coal loader in one of its mines. On the day of his death he was apparently in good health. He was last seen alive unloading "jack posts" from a mine car, which are heavy timbers used to support the mine roof.

Some time later his son, who was working elsewhere, was notified that something was wrong with his father. The son immediately went to the place where the deceased had been working and found him lying on his back "between the timber and jack posts." Apparently one jack post was on the ground, and the others had been set. The man was dead.

The only evidence of injury then observed was a "kindly cut bruised looking place" under the deceased's left eye. A witness who saw him later stated that the cut or bruise was one or one and one-half inches long. There is nothing to indicate it was more than superficial.

After the body had been prepared for burial, mem-

bers of the family observed that the deceased's neck was "swelled up right smart."

There was no medical testimony, nor was there any evidence suggesting the cause of the bruised place or the swollen neck, nor was there shown any connection between these physical conditions and the employee's death.

The liability of an employer under the Workmen's Compensation Act arises when his employee suffers "a personal injury" arising out of and in the course of his employment, or dies from "accidental injury." KRS 342.005. Clearly the burden is on the employee or his representatives to establish the basic conditions of liability, and a finding against the employer must rest upon evidence of sound probative character. See A. C. Lawrence Leather Co. v. Barnhill et al., 249 Ky. 437, 61 S. W. 2d 1.

The Board in this case based its award upon the case of Ellis v. Litteral et al., 296 Ky. 287, 176 S. W. 2d 883, wherein it was held that when death closely follows an injury, there is a presumption the latter caused the former. This rule obviously has no application in the present case because appellants failed to prove any *injury* of consequence. The Board erroneously presumed an injury because death was proven, which it had no reason or authority to do.

While the Workmen's Compensation Act should be construed liberally in favor of the employee and his representatives, there must be *evidence* to support the award. Here the Board not only presumed that death resulted from injury, but was forced to presume the injury itself because of the lack of any substanial proof.

We cannot avoid the conclusion that the referee and the lower Court correctly determined appellants had failed to make out a case.

For the reasons stated, the judgment is affirmed.