James Sampson, Edward G. Hill, Harlan, for appellant.

Smith & Shehan, Harlan, for appellees.

### McCORKLE v. McCORKLE et al.

Court of Appeals of Kentucky.

March 5, 1954.

MILLIKEN, Judge.

This is an appeal from a judgment affirming an award of the Workmen's Compensation Board for the death of Joseph P. McCorkle following an operation at the Nichols General Hospital, Louisville, Kentucky, to remedy a herniated intervertebral disc incurred during the course of and arising out of his employment. The specific question of law presented is whether the employer is liable for an alleged slip of the surgeon's knife which cut the abdominal aorta causing the patient to bleed to death. It is contended by the employer that the death was caused by the alleged negligence of the surgeon and not by the injury, and Powell v. Galloway, 229 Ky. 37, 16 S.W.2d 489, 490, is cited to support this contention.

In the Powell case the employee, who was injured by an accident arising out of and in the course of his employment, chose a physician to set his broken arm. The physician set the arm improperly, and the em-

ployee sued the physician for malpractice. In that case this court said:

"* * * The injury in this case, for which the employer was liable to pay compensation, was not inflicted by the negligence of a third party. The employer was liable to pay compensation only for the injury sustained by the employee while cranking the automobile, and was not liable for any subsequent damages that may have been caused by the neglect of a physician. * * *

"Section 4890, Ky. Statutes (now KRS 342.055), provides that the employer, or insurance carrier, having paid the compensation or become liable therefor, shall have the right to recover in his own name or that of the injured employee from any third party who may be under a legal liability to pay damages for the injury. This statute necessarily refers to injuries inflicted by a third party through negligence or wrongful act, to an employee while on duty and in the course of his employment, and for which injuries the employer or insurance carrier becomes liable to pay compensation under the Workmen's Compensation Act. It has no reference to subsequent injuries for which the employer or insurance carrier is not liable. They are liable only for injuries arising out of and in the course of the employment. Plainly Galloway could not recover compensation from his employer for injuries resulting to him from any negligence of his physician. Nor could the employer, or his insurance carrier, maintain any action against the physician for negligent injury to Galloway. The physician was liable, if liable at all, only to his patient. * * *"

The deceased was a war veteran and as such was entitled to free medical service at Nichols General Hospital. The appellant, W. F. McCorkle, was a brother of the deceased and was also his employer. It was he who took his brother to the hospital a few weeks after the occurrence of the injury at Somerset on September 9, 1950, and helped arrange for his admission and treatment. There was a conflict of testimony as to whether The Eureka Casualty Company, the appellant's insurer, had notice of the accident prior to the deceased's hospitalization and death, but the insurance carrier's representative admitted that it knew on November 4, 1950, that the deceased was in the hospital and did nothing about it. In a subsequent examination the representative stated he was in the army from October 18, 1950, to November 5, 1950, and that his first testimony was inaccurate. The deceased died November 9, 1950, within an hour or two after the operation.

It is obvious to us, as found by the Board, that the deceased's brother and employer acceded to and helped select the services of the Nichols General Hospital and staff for treatment of the injury, and that they were the employer's agents. The choice saved expense and was thought to be a good one at the time it was made. It was made upon the recommendation of the employer's physician who had examined and treated the injured man. While the result was tragic, no one foresaw the tragedy. If the insurance carrier has any justifiable complaint it is against the insured-employer, not against the dependents of the deceased employee.

The court appreciates the fact that surgical operations do not always turn out as expected. One medical witness testified that the danger of cutting the aortic artery was a recognized hazard of this operation. While the Workmen's Compensation Act stipulates that "no action shall be brought against any employer subject to this chapter by any person to recover damages for malpractice or improper treatment received by any employe from any physician, hospital or attendant thereof", KRS 342.030(2), nevertheless, we have held that the statute does not prevent recovery of Workmen's Compensation benefits for the additional injuries occasioned thereby. Black Mountain Corp. v. Middleton, 243 Ky. 527, 49 S.W.2d 318; Pond Creek Collieries Co. v. La Santos, 307 Ky. 866, 212 S.W.2d 530. See, also, 58 Am.Jur., page 776.

We are required to construe our Act liberally in behalf of the employee in order to effect its sound social purpose, KRS 342.004, and we conclude we would be remiss in our duty if we did not so construe it in favor of the deceased employee's dependents in the case at bar. Powell v. Galloway, relied upon by the appellant, is not controlling here, because Powell, the negligent physician in that case, was the employee Galloway's personal physician and choice, and the employer had nothing to do with his selection. In the present case, the employer selected or helped select the hospital and, indirectly, the surgeon; he made them his agents.

The judgment is affirmed.