**Arthur DOAN, Appellant,**

v.

**CORNETT–LEWIS COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 7, 1958.

Doyle & Doyle, Harlan, for appellant.

James Sampson, William A. Rice, Harlan, for appellees.

MONTGOMERY, Judge.

This is an appeal from a judgment affirming an order of the Workmen's Compensation Board which reopened the case and reversed the award. The appellant, Arthur Doan, urges that the circuit court erred in affirming the board's action in: (1) Reopening the case; (2) reducing the compensation award; and (3) crediting the award for time during which appellant was employed.

Appellant was injured on December 10, 1954, while in the employ of the Cornett-Lewis Coal Company. On April 5, 1955, appellant filed an application for adjustment of his claim. He claimed permanent and total disability. Compensation was awarded for total disability for an indefinite period of time not to exceed the maximum sum of $11,500. The opinion and award of the referee were adopted by the board. The order recited that by reason of the indefinite period of disability the case might be reopened upon a proper showing of appellant's condition.

A motion to reopen the case made by the coal company was overruled by the board on April 4, 1956. A subsequent motion to reopen the case by the coal company was sustained on July 5, 1956. Appellant contends that the ruling on the first motion to reopen was res adjudicata as to the second motion; therefore, the board was without authority to sustain the later motion.

The first motion was based on a showing that appellant had returned to work and had worked regularly from October 17, 1955, to and including February 9, 1956. The subsequent motion, in addition to affidavits showing the work done by appellant, was supported by the affidavit of the company doctor showing an improvement in the physical condition of appellant. In the opinion and order sustaining the second motion, the board noted that the first motion was overruled for failure to support it with the affidavit of a physician. The board held that the plea of res adjudicata as to the second motion was without merit since the disposition of the first motion was not on the merits but was an adjudication of technical insufficiency.

The rule is that successive motions to reopen a case upon the same grounds are not permitted when there has been an order overruling the first motion upon the merits,

but the doctrine of res adjudicata has no application when there has been no examination of the merits of the claim upon the first motion but only an adjudication of technical insufficiency. Clear Fork Coal Company v. Gaylor, Ky., 286 S.W.2d 519.

Following the reopening of the case, proof was introduced concerning a change in appellant's condition. The board found appellant to have been temporarily and totally disabled from December 10, 1954, to June 5, 1956; there had been a change in his condition; and he was then suffering 20% permanent partial disability to the body as a whole. This finding was upheld by the circuit court. Appellant insists that the board's action was in error because: (1) It did not consider the evidence of psychoneurosis and nervousness of the appellant; (2) all doubt should have been resolved in favor of the claimant; and (3) performance of some work does not disprove total disability.

Appellant urges that the board ignored the testimony of Dr. Philip J. Begley. He was introduced as a witness for the appellant on the original hearing and for the coal company when the case was reopened. Dr. Begley said that on the last examination he had made of appellant "* * * he was sufficiently psychoneurotic that he was not able to work at that time * * *", and was unable to say whether appellant was better or worse at the time he testified. He also said that he did not know whether the psychoneurosis was a result of the injury or had existed prior thereto. The neurosis could not be attributed to the injury on the basis of Dr. Begley's testimony. Nor was the testimony of Dr. William H. Anderson, introduced by appellant, any more helpful, as noted in the opinion of the board.

The contention is made by appellant that in compensation cases all doubt must be resolved in favor of the injured claimant and his dependent, citing McCorkle v. Mc-Corkle, Ky., 265 S.W.2d 779, and Adams v. Bryant, Ky., 274 S.W.2d 791. Neither case is authority for the broad claim of appellant, who makes no distinction between questions of law and of evidence. In this case, appellant is insisting that evidence should be liberally construed in his favor. The two cases cited dealt with the construction of the Workmen's Compensation Act and properly held that such Act should be liberally construed. The wording of the Act itself provides that the Act is to "be liberally construed on questions of law, as distinguished from evidence". KRS 342.004.

The evidence produced on the reopening of the case was in conflict as to the amount of disability of appellant. On this appeal, no argument is made that the evidence is insufficient to support the finding of the board; hence, it is unnecessary to discuss the evidence. Appellant seems to feel that the proof concerning the work done by him was decisive and argues that his attempt to work after injury should not be determinative of his ability to do so or the amount of his disability. There was sufficient medical testimony to sustain the board's finding without consideration of the proof as to the work done by appellant, and there is no merit in this argument.

The board allowed the coal company credit on the award for the time that appellant worked after his injury. The coal company, in view of the language of KRS 342.110, concedes this to be error. The statute deals with partial permanent disability and provides, in part, as follows:

"Compensation payable under this section shall not be affected by the earnings of the employe after the accident, * * * whether they be the same, or greater, or less than prior to the accident."

Judgment is affirmed as to reopening the case and reducing the award and is reversed as to the credit given the coal company.