**Claude HUDDLESTON, Appellant,**

v.

**COLLINS & PEACE COAL COMPANY
et al., Appellees.**

Court of Appeals of Kentucky.

May 27, 1960.

Doyle B. Inman, Harlan, for appellant.

Smith, Denham & Gillis, Elizabeth Gillis, Middlesboro, for appellees.

STEWART, Judge.

This is a workmen's compensation case, and the sole question raised on this appeal is whether the employee, Claude Huddleston, sustained an injury arising out of and in the course of his employment. The Workmen's Compensation Board, when Huddleston made claim before it for compensation benefits, dismissed his application. The circuit court on review affirmed, and this appeal followed.

The evidence is in conflict on the point in issue. Huddleston testified he was lifting a large piece of slate while working in the mine of his employer, Collins & Peace Coal Company, on September 24, 1956, and, as a result of this physical exertion, injured his back. He stated he went home soon thereafter and, later the same day, was admitted to the Pineville Community Hospital where he received treatment for five days as a patient of Dr. Buell B. Mills of Pineville. Two or three weeks after his dismissal from this hospital, his condition having somewhat improved, he returned to his old job but was forced to quit after a short while because of the recurrence of pain in his back. He was operated on at Knoxville, Tennessee, on January 16, 1957, and a herniated disc was removed from his vertebral column.

Huddleston was quite positive he told his foreman-employer, Everett Collins, and also a working companion and a witness called by him, I. P. Perry, Jr., he had received an injury to his back on the occasion in question, but both deny that he did so. In addition, the testimony of Claude Lovett, another of his fellow employees and witnesses, supports the testimony of both Perry and Collins relative to Huddleston's failure to mention the occurrence of an accident of any sort on that day. Standing alone, these particular contradictions are not of great importance, but they are not without significance when coupled with other evidence we shall refer to.

The record of the Pineville Community Hospital, dated September 24, 1956, and

filed as evidence herein, disclosed Huddleston had suffered "chronic pain in lower back for the past two years. On and off. No history of trauma or recent injury." Dr. Mills testified Huddleston told him at the hospital, where he said he first saw him after his alleged injury, that he awakened on the morning of September 24, 1956, with pain in his back and leg; that he had had this pain intermittently for two years; and that he had had a similar attack two years ago.

Huddleston denied he had ever made any statement that would warrant the above hospital entry or the testimony of Dr. Mills as noted. He and two rebuttal witnesses produced by him testified Dr. Mills first saw him at the physician's office and it was there he made his statement he had hurt his back that day while lifting a large rock. This evidence of Huddleston's would carry greater weight if it were not for the fact that all of the testimony in chief, including his and that of one of these witnesses, was to the effect he went to his home from the mine, and from there directly to the hospital, and that no visit to the doctor's office was made on that date.

■ In the case at bar the Workmen's Compensation Board determined from the evidence introduced that Huddleston's back condition was not the result of an injury he had received while working for his employer. Where there is a conflict in the evidence, and such is the situation here, the sole function of the circuit court, and of this Court as well, is to ascertain whether the record discloses any competent evidence of probative value which supports the findings of fact of the Board. So well settled is this principle that it is almost unnecessary to cite the numerous decisions of this Court sustaining it. See Inland Steel Company v. Newsome, 281 Ky. 681, 136 S.W.2d 1077, and the cases cited therein.

The Board, in the face of disputed testimony, resolved the sole issue raised on this appeal in favor of the employer. There was sufficient evidence of probative weight introduced before it to support its decision. It follows we have no alternative but to uphold the Board's order.

Wherefore, the judgment is affirmed.