**Lucille BROWN, Appellant,**

v.

**AMERICAN RADIATOR & STANDARD SANITARY MANUFACTURING COM-PANY et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1961.

Rehearing Denied June 23, 1961.

W. C. Edrington, Louisville, for appellant.

S. L. Greenebaum, Charles F. Wood (Greenebaum, Barnett & Wood), Louisville, for appellees.

BIRD, Chief Justice.

This action originated before the Workmen's Compensation Board.

Lucille Brown, widow of Spencer Brown, claims that Spencer Brown died of silicosis while an employee of the American Radiator & Standard Sanitary Manufacturing Company of Louisville, Kentucky, and that his death is compensable under the Workmen's Compensation Act. She filed her claim with the Board. A referee of the Board found that Spencer Brown died of silicosis and that his death was compensable under the Act.

Upon motion of the employer the full Board reviewed the record and found that Spencer Brown did not die of silicosis and that his death was not compensable under the Act. The dependent widow appealed to the Jefferson Circuit Court which, upon examination of the record, sustained the order of the Board and dismissed the appeal. The dependent widow has now appealed to this Court.

Since the commencement of this action there has been only one question of fact to be answered. Did Spencer Brown die of silicosis?

The Board having found as a matter of fact that Spencer Brown did not die of silicosis, the Court needs only to determine whether or not there was competent evidence of probative value to sustain the Board's finding. Upon examination of the medical testimony we must conclude that there was sufficient evidence to sustain the Board's finding of fact. This Court will therefore not disturb this finding. Elkhorn Coal Co. v. Adams, Ky., 313 S.W.2d 421.

It is contended however that the Board erroneously refused to consider a death certificate introduced in evidence and

testimony of the coroner relating to it. The claimant argues that this was an error of law and that the case should be remanded to the Board with directions that it consider the death certificate and testimony relating thereto and make a new finding of fact.

The death certificate gave silicosis as the cause of death and it was primarily upon this that the referee predicated his finding for the claimant. This testimony was properly admitted into the evidence and the record discloses that it was properly considered upon review by the Board. The Board simply gave the testimony less weight than did the referee. The Board explained its action and we quote from its opinion:

"K.R.S. 213.190 provides a death certificate shall be prima facie evidence of facts contained therein. This statement is subject to certain qualifications, however.

"Dr. Dwyer had entered the following on the death certificate as the Cause of Death:

"(a) Extensive silicosis

"(b) Edema of the lungs

"(c) Emphysema of the lungs

"What facts did Dr. Dwyer have to make such a statement?

"He never examined the decedent either before or after death.

"He had not examined the X-rays of decedent at General Hospital.

"He had not examined Dr. Jesse Bell's record.

"He performed no autopsy on the decedent.

"The information which Dr. Dwyer received was hearsay and did not come as a result of his own experience or personal information.

"The presumption created by a death certificate under the provisions of K.R.S. 213.190 is subject to certain limitations: such presumption is not created by the testimony of a physician who signed the death certificate without personal knowledge or investigation of the facts contained therein. Marion v. Frank R. Messers & Sons, 306 Ky. 743, 209 S.W.2d 321."

We find no objection to the treatment given by the Board to this testimony.

The record discloses no reversible error and the judgment is therefore affirmed.