NASHVILLE COAL COMPANY, Inc., Appellant,

v.

Thelma EPLEY, Appellee.

Court of Appeals of Kentucky.

June 23, 1961.

Rehearing Denied Nov. 22, 1961.

Thomas A. Mitchell, Gordon, Gordon & Mills, Madisonville, for appellant.

Carmol D. Cook, Lake, Bratcher & Cook, Hartford, for appellee.

WADDILL, Commissioner.

Paul Epley died during the morning of July 22, 1957, after he had entered appellant's mine where he was employed as foreman. A fellow employee testified that Epley sat down on a bench, slumped forward and toppled to the ground. His head hit a rail of the mine track and his body came to rest with his knees, arms and forehead lying across the track. Within a few minutes he was dead. The bench on which he had been seated had not overturned. No autopsy was performed, nor was there any medical testimony to establish the cause of his death. The only physical evidence of an injury was a 1½″ cut across the center of his forehead and a drop of blood at each end of the wound. There was testimony that Epley had been complaining for several months of not feeling well and that he had been suffering from an ulcer and low blood pressure. At the time of his death he was 45 years of age and weighed over 200 pounds.

Both Epley and his employer had accepted the provisions of the Workmen's Compensation Act. KRS 342.001 et seq. Following a hearing, the Workmen's Compensation Board found that: (1) Epley had not sustained an injury of consequence and, (2) Epley had been experiencing ill health for several months prior to his death. Accordingly, the board refused to apply the rule stated in Ellis v. Litteral, 296 Ky. 287, 176 S.W.2d 883, which is to the effect that when death follows soon after an injury to an able-bodied man a presumption arises that the latter caused the former. The board concluded that, without the benefit of the presumption, the evidence was insufficient to establish that Epley's death resulted from the effect of the mine injury, and dismissed the claim. However, on appeal, the circuit court reversed the order of the board and entered judgment awarding compensation.

The question is raised on this appeal whether the court erred in determining as a matter of law that Epley was an able-bodied man and sustained an injury of consequence (and therefore the claimant was entitled to the presumption that Epley's death resulted from the mine injury).

Whether Epley, at the time he was involved in the accident, was "able-bodied" (as that term was used in Ellis v.

Litteral, supra) and also whether Epley sustained an injury of such consequence that it could result in his death (Hornsby v. International Harvester Company, 310 Ky. 208, 220 S.W.2d 401) are questions of fact to be ultimately decided by the board. This is so even though certain basic or evidentiary facts concerning Epley's physical condition and the character of the accident were agreed upon. Since the Workmen's Compensation Board is the exclusive fact-finding body in cases of this character the court may not usurp its function when there is probative evidence to support the board's findings as is clearly apparent in this case. Therefore, the judgment is erroneous.

The judgment is reversed, with directions to set it aside and to enter judgment upholding the order of the board.