**J & R COAL COMPANY et al., Appellants,**

**v.**

**Lawrence Ray CARTER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

Clore & Swinford, Kelly Clore, Pineville, for appellants.

Julian H. Golden, Pineville, for appellee Lawrence Ray Carter.

J. C. Helton, Pineville, for appellee Coal Operators Casualty Co.

J. W. Craft, Frankfort, for appellee Workmen's Compensation Board.

WILLIAMS, Judge.

The appellee, Lawrence Ray Carter, was found by the Workmen's Compensation Board to be totally disabled from silicosis. On appeal to the circuit court the Board's

finding was sustained and from a judgment entered thereon this appeal is taken.

The only issue is whether the appellee's last injurious exposure to a hazard which would cause silicosis occurred during his employment with the appellant J & R Coal Company. He had worked many years in the mines of appellant until his employment was terminated in January 1962. X-rays taken soon thereafter showed he had silicosis.

The appellant introduced evidence that the appellee had worked inside various mines after his employment with them. Their theory is the appellee was exposed to a hazard which would cause silicosis following the termination of his employment with them. Their testimony was that appellee worked inside his own mine and inside a mine belonging to Steve Sullivan and a mine belonging to the Barton Brothers after January 1962. It is contended that the proof of his working in those mines is conclusive and uncontradicted.

Had appellant's testimony been the only proof taken concerning appellee's activity after his employment was terminated, it would have been conclusive. But the appellee categorically denied each allegation that he had worked inside a mine after January 1962. He was asked:

"Q. Did you work any place for Barton Brothers?

"A. I helped build a coal bin and runway outside.

"Q. Do you know Steve Sullivan?

"A. Yes.

"Q. Did you work in the mines for him?

"A. Never a day in my life.

"Q. Did you operate a mine of your own since you have been cut off from J & R Coal Company?

"A. No."

Appellee was also asked if he had worked in various other mines, and he replied that he had not.

There is a direct conflict in the evidence which has been resolved by the Workmen's Compensation Board. The sole function of a court in reviewing factual determinations in Workmen's Compensation cases is to determine if the evidence upon which an order is based is relevant and substantial. Savage v. Claussner Hosiery Co., Ky., 379 S.W.2d 473. The weight given to such evidence is a matter solely for the Board. The Mengel Co. v. Lehman, Ky., 259 S.W.2d 19. There is relevant and substantial evidence that the appellee last suffered injurious exposure to the hazards of silicosis while employed by the appellant J & R Coal Company.

The judgment is affirmed.