W. L. Steele, Eldon L. Webb, Ashland, for appellees.

**BLAW–KNOX COMPANY and the Travelers Insurance Co., Appellants,**

**v.**

**John E. KNAPP, Workmen's Compensation Board, and Subsequent Claim Fund, Appellees.**

Court of Appeals of Kentucky.

June 25, 1965.

WADDILL, Commissioner.

This appeal is from a judgment upholding an order of the Kentucky Workmen's Compensation Board overruling appellants' motion to reopen and terminate an award granting appellee benefits for total disability as provided by KRS 342.095. For reversal it is contended that (1) the opinion and order of the Board failed to set out findings of fact upon which it relied and, hence, the circuit court erred in failing to remand the case for the entry of appropriate findings and, (2) there was a sufficient showing of change of condition within the meaning of KRS 342.125 to establish that appellee was not totally disabled and there was insufficient evidence to support the Board's conclusion to the contrary.

We relate the pertinent events giving rise to this controversy. During 1962 appellee, John Knapp, age 37, was employed by appellant, Blaw-Knox Company, as a boilermaker. On June 15, 1962, appellee injured his right knee while performing his

employment duties and thereby became incapacitated for work. On June 20, 1962, the parties entered into an agreement as to compensation and filed it with the Board. This agreement was approved by the Board and it provides for appellee to receive compensation benefits so long as he remains totally disabled within the meaning of the Workmen's Compensation Act.

On June 29, 1962, Dr. W. C. Roland, an orthopedic surgeon, performed an operation upon appellee for the removal of the right medial semi-lunar cartilage. Appellee remained under the care of Dr. Roland until April 1, 1963, at which time Dr. Roland assessed his permanent disability at 20 percent to the "lower extremity" which percentage, he stated, "converts to 8 to 10 percent to the body as a whole."

Subsequently appellants stopped paying compensation to appellee and on June 4, 1963, they filed a motion under KRS 342.125 seeking to have the Board reopen the case and terminate the award. Following a hearing upon this motion, during which conflicting testimony was introduced concerning the extent and probable duration of appellee's disability, the Board entered an order overruling appellants' motion.

■ We find no merit in the contention that the Board failed to make adequate findings of fact upon which it predicated its order. The Board's opinion reflects that it carefully considered all aspects of the case and found that appellants "have not met the burden of establishing that plaintiff [appellee] is no longer totally disabled * * *." This finding is sufficient to satisfy the requirements of KRS 342.275. Wells v. General Electric Company, Ky., 318 S.W.2d 865.

■ Neither is there any merit in the other contentions raised by appellants including their argument that they established as a matter of law that appellee was no longer totally disabled. While Dr. Roland's testimony would justify the Board in finding a change of condition it was not re-

quired to accept his opinion. Moreover, there was other medical as well as lay testimony that is persuasive of the fact that appellee's total disability still exists. The substantial conflict in the evidence requires a finding of fact rather than a conclusion of law.

The judgment is affirmed.