EASTERN COAL CORPORATION, Appellant,

v.

John ANDERSON et al., Appellees.

Court of Appeals of Kentucky.

Feb. 25, 1966.

Baird & Hays, Pikeville, for appellant.

Combs & May, Pikeville, Stuart E. Alexander, Louisville, for appellees.

MILLIKEN, Judge.

This is a silicosis claim wherein appellee is claiming total and permanent disability as a result of silicosis. The trial court rendered a judgment upholding a decision of the Workmen's Compensation Board awarding compensation, and the employer has appealed.

Appellee, John Anderson, filed this claim with the Workmen's Compensation Board on January 8, 1964, alleging that he incurred pneumoconiosis (silicosis) while employed by the appellant Eastern Coal Corporation, and that as a result of this disease he is totally and permanently disabled. Appellee is forty-one years of age and has worked for the appellant intermittently since July 8, 1941. The last period of employment was from 1947 until August 27, 1963.

The medical evidence introduced before the Board consisted of the testimony of four doctors; it proved that the claimant has silicosis, the only question being the extent of disability caused by the disease, and the Board found him to be totally disabled solely by reason of silicosis and prorated the award on a 60–40 basis against the appellant and the Special Fund, respectively. The trial court sustained the Board on appeal and the trustees of the Special Fund did not appeal.

The appellant contends that the Workmen's Compensation Board erred in finding appellee to be totally and permanently disabled on account of silicosis. The appellee had had a hip injury, and the appellant contends that this was the cause of his disability. The appellee admitted that pain from the leg was a factor in causing him to quit his work, but asserted that he had a growing difficulty in breathing which also made it difficult for him to work.

This Court on many occasions has held that if evidence upon which a compensation order is based is relevant and substantial, the finding of the Board will not be disturbed. J & R Coal Company v. Cortner (1964), Ky., 382 S.W.2d 875; Imperial Elkhorn Coal Company v. Newsome (1964), Ky., 382 S.W.2d 864. The employer contends that the award should have been prorated between the hip injury and silicosis, but we find no merit in this contention on the facts of this case. See Inland Steel Company v. Mosby (1964), Ky., 375 S.W. 2d 268, where the claimant previously had

received compensation for fifty per cent disability from an injury, subsequently filed a second claim against the employer for disability caused by silicosis, and the Board found him one hundred per cent disabled from silicosis without allowing any deduction for the previous disability.

The judgment is affirmed.