**JONAS MILLER & SONS, Appellant,**

**v.**

**Norman RISNER and the Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

J. W. Craft, Jr., Craft & Haynes, Hazard, for appellant.

Grayson Johnson, Clark Pratt, Hindman, for appellees.

DAVIS, Commissioner.

The Workmen's Compensation Board found appellee Norman Risner to be totally and permanently disabled as the result of work-connected injury, and awarded him maximum benefits. KRS 342.095. The Board's award was affirmed upon appeal to the circuit court. The employer, Jonas Miller & Sons, appeals and presents two

assignments of error: (1) there is no competent evidence of substance to sustain the finding of the Board, and (2) in any event the Board erred in failing to make the Special Fund a party pursuant to KRS 342.-005(2).

Appellee testified that he sustained an injury to his back when a heavy wrench he was using was allowed in some unexplained manner to slip or fall. The date of this incident was said to have been October 15th or 16th, 1964. There was no other witness who testified to having observed the injuring incident. Indeed, another employee of the appellant, the immediate superior of appellee, testified that no such incident occurred. The latter witness related that the appellee had said to him that he (appellee) had hurt his back, but did not think he had done so while working for the appellant. The same witness added that appellee had told him of having had an old back trouble which he suspected was "coming back on him." The appellee denied making such statements, and denied that he had ever had any disabling back problem. He did admit that he had experienced what he thought to be some arthritis in his back, but said that he had never consulted a doctor about it, nor had he ever lost any time from work by reason thereof.

Appellee said that he had told his superior (witness Greene) that he had hurt himself, and Greene had said that he would report it. He is somewhat corroborated in this in that one of the employers brought appellee a paycheck and spoke of his having been injured on the job. The employer did not see fit to deny evidence of that episode.

Dr. David B. Stevens, a Lexington orthopedic surgeon, was the only medical witness. It appears that appellee first consulted Dr. Barker (who did not testify) on October 20th, 1964; Dr. Barker referred appellee to Dr. Martin (who did not testify) at Homeplace Hospital. Dr. Stevens also saw appellee at Homeplace Hospital prior to his examination of him at Lexington. Dr. Stevens testified that he had no recollection of appellee's having told him that he had sustained the injury of which he now complains. He explained that his records do not reflect any notation of such information, although he usually makes notes of this type. Dr. Stevens also deposed that appellee had told him that appellee had suffered pain in his back and neck for some substantial time before October, 1964, and that appellee had relinquished jobs in Paris, Kentucky, and Dayton, Ohio, on account of the pain in his neck and back. As previously noted, appellee specifically denied that he had lost any time from any employment on account of any such condition.

Dr. Stevens said that x-ray pictures of appellee reflected "some thinning of the intervertebral discs in the center part of the cervical spine." The doctor diagnosed the condition as a "possible cervical syndrome, by that I mean a derangement of the cervical spine causing the symptoms." A head halter traction device was provided for appellee by direction of Dr. Stevens. This medical witness stated that he found sufficient subjective evidence of pain as to indicate that appellee was disabled from performing hard manual labor. The doctor made no expression of his opinion as to the duration of the disability.

Addressing ourselves to the questions raised, we note that there is a direct conflict in the evidence touching (a) whether appellee sustained any injury on the job, and (b) whether appellee's present disability is attributable in any part to a pre-existing diseased condition. It is axiomatic that if evidence upon which a compensation order is based is relevant and substantial, the finding of the Board will not be disturbed. Eastern Coal Corporation v. Anderson, Ky., 399 S.W.2d 733, and cases there cited.

The appellant relies upon Huddleston v. Collins & Peace Coal Company, Ky., 335 S.W.2d 929, and Wells v. General Electric Company, Ky., 318 S.W.2d 865. In those cases, however, the Board had resolved the

factual issue against the claimant. This court upheld the Board's findings, using the familiar legal guideline just mentioned. In neither of the cited cases is there any support for the proposition that the court would have overturned the Board's factual finding on disputed facts had the Board reached a different conclusion.

■ What we have just said disposes of both the points presented. There was relevant evidence of substance by which the Board could have been persuaded to the factual findings urged by appellant, but the Board's contrary findings are supported by relevant evidence of substance. Hence there is no merit in either assignment of error.

The judgment is affirmed.