**Cecil ROSE, Appellant,**

v.

**ACME WRECKING COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

May 12, 1967.

———

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

W. R. Patterson, Jr., Denney, Landrum, White & Patterson, Lexington, for appellees.

MONTGOMERY, Judge.

The dispositive question is whether the circuit court was justified in setting aside the Workmen's Compensation Board's award because of the insufficiency of evidence to support it.

Cecil Rose had worked for the Acme Wrecking Company for some three years when, he claims, he suffered an injury to his back while lifting a garage door. He has a fourth-grade education and is untrained and unskilled to earn a living except by the doing of manual labor. The Board found that "as a result of the traumatic injury the plaintiff (Rose) sustained on March 3, 1965, the plaintiff suffered a period of total temporary disability but the duration of this cannot now be determined." The award was for a weekly payment "so long as he remains disabled, not to exceed 425 weeks from March 3, 1965," plus interest and benefits.

Rose was treated by various doctors and was hospitalized at different times. The question is whether there is sufficient evidence to sustain the finding of total temporary disability.

The Board considered Rose's testimony and that of Dr. K. Armand Fischer in

claimant's behalf, and considered the testimony of Drs. Carl M. Friesen and Ralph J. Angelucci in behalf of the employer. "In view of the conflicting medical testimony," as the Board's opinion recites, Dr. W. C. Mitchell was appointed under the provisions of KRS 342.115. He made an examination of Rose and filed a report. His deposition also was taken.

The claimant testified to his injury and claimed that by reason thereof he was no longer able to lift heavy objects as his employment required, and that he was not able to do any kind of work.

Dr. Fischer testified that at the time of his examination on August 3, 1965, Rose was not able to "perform work involving heavy, physical, manual labor." He was unable to say how long the condition would continue. His diagnosis was based on "complaint of pain, loss of back motion, and downward shifting of the lower lumbar facettes (sic)."

On cross-examination he gave the following prognosis:

"Well, I think that the man, if had a brace, and could rest for a while, he might be able to go back to some light type of work in a few months, but I wouldn't suggest he go back to heavy work for quite a while."

\* \* \* \* \* \*

"I thought with orthopedic treatment, I thought that he ought to be amenable to relieving his pain. Whether he ever goes back to heavy labor and work, I can't say that."

Dr. Friesen testified that there were no significant neurological findings and that "I do not feel that this patient exhibits the findings of any severe impairment in function at this time of the low back." Dr. Angelucci said that his examination revealed no neurological disorders which would prevent Rose from working. He declined to say whether there was any injury to the musculature or ligamentous system.

Dr. Mitchell said Rose probably had a chronic back sprain, without indicating its origin. He said overriding chronic anxiety concerning permanent injury appeared to contribute to the severity of Rose's symptoms and complaint. The only significant findings by him were "some tenderness in his back and some pain with passive manipulation or motion," but he found no indication of permanent disability. He felt that Rose could return to work with a support or brace for his back, medication, and the proper motivation.

The fair purport of the testimony is that Rose suffered a disability which was total and temporary in nature. Dr. Fischer's testimony supports Rose's testimony in this respect. Dr. Mitchell's testimony indicates that there was an injury of temporary nature. Dr. Friesen's statement concerning no "severe impairment in function \* \* \* of the low back" connotes some impairment less than severe. Dr. Angelucci declined to say whether there was any injury to muscles or ligaments. Such evidence is sufficient to support the Board's finding of total temporary disability and the ensuing award. Knott County Board of Education v. Williams, Ky., 348 S.W.2d 715; Deby Coal Company v. Roark, Ky., 360 S.W.2d 511; Imperial Elkhorn Coal Company v. Newsome, Ky., 382 S.W. 2d 864. The evidence being sufficient, the award will not be disturbed. The Mengel Co. v. Lehman, Ky., 259 S.W.2d 19; J & R Coal Company v. Carter, Ky., 382 S.W.2d 875.

While Acme complains of a brief filed before the Board by appellant, which has not been read or considered by this court, it is doubted that it contained the eloquence or power of persuasion attributed to it. Doubtless the Board has long since become immune to eloquence. No prejudicial error is found in this respect. It is unnecessary to consider any other question raised.

Judgment reversed with direction to approve the Board's award.

All concur.