**BLAIR FORK COAL COMPANY, Appellant,**

**v.**

**Nina Jean BLANKENSHIP et al., and Work-men's Compensation Board et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1967.

———◆———

Maxwell P. Barret, Reeves, Barret & Cooper, Hazard, for appellant.

Arzo Carson, Oneida, Tenn., Courtney C. Wells, Wells & Wells, Hazard, Joe M. Agee, Lafollette, Tenn., J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

STEINFELD, Judge.

Dow Blankenship, an employee of Blair Fork Coal Company, died in the mine during working hours. The cause of his death prompted this controversy. The Workmen's Compensation Board which held that his death was compensable was affirmed by the lower court. From that judgment this appeal was taken.

Blankenship worked for Blair Fork as a loader operator. On December 8, 1964, when he left home at approximately 7:00 a. m. to go to the mines he was in apparent good health. He reported for work about 8:00 a. m. and shortly thereafter he and Roscoe Brummitt went to certain machinery and attached a motor or tram to pull it out of the mine. The machinery was trammed on ties because the top of the mine was low. After moving the machinery about 380 feet they came to a water hole which was approximately 9½ inches deep and 40 feet long. Blankenship and Brummitt had been at the water hole approximately thirty minutes blocking the machinery through the water hole when a fuse blew out on the motor or tram and Brummitt left to go to the telephone to inform the dispatcher of the trouble. When he returned, which was around 11:00 a. m., he saw Blankenship's body lying on the floor on the opposite side of the machinery from where he had left him. He had been gone approximately 20 minutes.

Near the machinery was a trolley wire which carried the power to operate motors in the mine. This wire was only 40 to 42 inches from the bottom of the mine and approximately 16 or 17 inches from the side of the machinery. When Brummitt left Blankenship he was on the side of the machinery opposite the wire, but when he returned Blankenship's body was on the wire side of the machinery. His body was mostly under water but his head was not submerged. There was no power connection on the machine except when it was hooked to the trolley pole and the trolley pole had been removed prior to the time Brummitt left to make the phone call. Blankenship was dead but there were no wounds or burns of any kind on his body.

Witnesses who had worked with Blankenship a short time before the date of his death stated that he appeared to be in good physical condition.

Donald Lewis testified that he was in a separate part of the mine approximately 2,000 feet from the place where Blankenship was working and that at approximately 11:00 a. m. the lights in the section where Lewis was working went out and stayed out for two or three seconds. Lewis admitted that he did not know what caused the flickering of the lights but the chief electrician testified that if Blankenship came in contact with the trolley wire it could not cause lights to go out because the human body did not have enough resistance to cause a short circuit. He stated that it was a frequent and daily occurrence for lights to dim and go out momentarily from overloading the circuit with machinery. He admitted, however, that there was sufficient electricity in the line to have killed Blankenship if Blankenship had come into contact with it. He expressed the further opinion that if Blankenship had come into contact with the wire and had been a conductor he would probably have been burned although this did not happen on every occasion.

No autopsy was made but the death certificate stated that the cause of death was electrocution. No one was present when Blankenship died. A physician who examined the deceased stated that he had no idea what caused the death.

With only these facts before it the Workmen's Compensation Board held that "The inescapable conclusion is that he met his death by electrocution arising out of and in the course of his employment * * *". It awarded to the widow and children the benefits authorized by the Act. Contending that the award was clearly erroneous on the claim that the evidence did not support the findings made by the Board the employer appealed to the Perry Circuit Court which affirmed the Board. The employer concedes that the only question now before us is, was there evidence of such substance and relevancy as to support the finding of the Board.

■ KRS 342.005(1), a section of the Workmen's Compensation Act, provides in part as follows: "It shall affect the liability of the employers subject thereto to their employes for a traumatic personal injury sustained by the employe by accident, * * * arising out of and in the course of his employment, or for death resulting from such accidental injury * * *". To obtain an award the burden is on the employee or his representatives to present to the Board evidence of sound probative value showing that the claim comes within the provisions of the statute. A. C. Lawrence Leather Co. v. Barnhill, 249 Ky. 437, 61 S.W.2d 1.

■ A claim for compensation under the Workmen's Compensation Act may be established by circumstantial evidence "* * * when the facts and circumstances detailed are so related to each other, that an inference of liability may be fairly drawn and without being based merely upon guess or surmise." Wisconsin Coal Corporation v. Haddix, 280 Ky. 676, 134 S.W.2d 232. "The proof, it is true, may be

direct, presumptive, or circumstantial, but legal proof, nevertheless, it must be." Nardone v. Public Serv. Electric and Gas Co., 113 N.J.L. 540, 174 A. 745.

■ KRS 342.004 requires liberal construction of the law to carry out the intent and purpose of the act. However, that statute does not require liberal construction of the evidence or dispense with the duty of presenting the required proof. Smith v. Klarer Company, et al, Ky., 405 S.W.2d 736; Wells v. General Electric Co., Ky., 318 S.W.2d 865; A. C. Lawrence Leather Co. v. Barnhill, supra. Even without a liberal construction, "The surrounding circumstances may give rise to a prima facie presumption that the disablement or death resulted from an accident, so as to be compensable." 58 Am.Jur. 857, section 436. See Anno. 120 A.L.R. 683 for cases from which inference that death of the employee arose out of and in the course of the employment authorized recovery.

■ The death certificate was "prima facie evidence of the facts therein stated" but was not conclusive. KRS 213.190. Brown v. American Radiator and Standard Sanitary Manufacturing Co., Ky., 346 S.W. 2d 713. The information upon which it was prepared was no more definite than that furnished to the Board in these proceedings. The Board rejected the certificate, therefore, the employer was not prejudiced by its introduction.

■ The evidence as a whole created a justifiable inference that the death resulted from accident and injury. Kentucky Power Company v. Kilbourn, Ky., 307 S.W. 2d 9. Therefore, "* * * this presumption will prevail unless overcome by evidence." Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524. See Anno. 12 A.L.R.2d 1306. When one of two reasonable conclusions may be drawn from the evidence the finders of fact may choose. Schuster v. Steedley, Ky., 406 S.W.2d 387. The Board is the finder of fact. Kentucky West Virginia

Gas Co. v. Ritchie, Ky., 402 S.W.2d 704. It reached the conclusion that the employee "met his death by electrocution arising out of and in the course of his employment." Hornsby v. International Harvester Company, 310 Ky. 208, 220 S.W.2d 401. The evidence was sufficient to support the award. Jonas Miller & Sons v. Risner, Ky., 407 S.W.2d 125; Consolidation Coal Co. v. Branham, et al, 243 Ky. 780, 49 S.W.2d 1035.

The circuit court, and this court should not, and will not disturb the decision. Jonas Miller & Sons v. Risner, Ky., 407 S.W.2d 125. Rogers v. Deposit Service Corporation, Ky., 410 S.W.2d 621.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE, and MONTGOMERY, JJ., concur.