James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Movant,

v.

Byron HARVEY, Peabody Coal Company and Workmen's Compensation Board, Respondents.

Supreme Court of Kentucky.

Feb. 27, 1979.

Gemma M. Harding, Cyril E. Shadowen, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for movant.

J. Quentin Wesley, Thomas E. Simpson, Wesley & Simpson, Morganfield, Thomas L. Ferreri, Madisonville, for respondents.

CLAYTON, Justice.

This case arises out of a work-related back injury suffered by Byron Harvey on August 14, 1973, while in the employ of the Peabody Coal Company. The Workmen's Compensation Board, from conflicting medical evidence, found that Harvey had sustained 25% permanent partial disability. The Board, having determined that one-half of the disability was attributable to arousal of a dormant nondisabling degenerative disc condition, apportioned the liability equally between the Special Fund and the employer. KRS 342.120. The opinion and award of the Board was affirmed by the Union Circuit Court. The Court of Appeals reversed, imposing the liability for permanent disability entirely upon the Special Fund. We granted discretionary review, and we reverse.

The Court of Appeals reasoned that the evidence failed to establish that the traumatic injury resulted in permanent disability or that Harvey's work at Peabody hastened development of his degenerative

back condition. In doing so the Court of Appeals substituted its evaluation of the medical evidence for that of the Board's, and therefore was in error. *Newsome v. Island Creek Coal Co.*, Ky., 459 S.W.2d 145 (1970). The Board has considerable leeway in its factual determinations, and is not obliged to accept or disregard the testimony of one expert as against another. *Codell Construction Co. v. Dixon*, Ky., 478 S.W.2d 703, 708 (1972). Any finding of the Board on a question of fact cannot be disturbed on appeal if there is any substantial evidence of probative value to support it. *Holman Enterprise Tobacco Warehouse v. Carter*, Ky., 536 S.W.2d 461, 465 (1976). Our review of the record indicates that it was not unreasonable for the Board to conclude that both the injury and arousal of the dormant nondisabling condition contributed equally to Harvey's permanent disability. The Board's findings were supported by substantial evidence.

The decision of the Court of Appeals is reversed. The judgment of the Union Circuit Court and the award of the Workmen's Compensation Board are affirmed.

All concur.