**Glenn JACKSON, Movant,**

v.

**GENERAL REFRACTORIES COMPANY, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board of Kentucky, Respondents.**

Supreme Court of Kentucky.

May 1, 1979.

Alvin B. Trigg, Wallace, Turner & Trigg, Lexington, for movant.

Howard VanAntwerp, III, Robert L. Templeton, VanAntwerp, Hughes, Monge & Jones, Ashland, for respondent General Refractories Co.

John Riehl, Jr., Denis S. Kline, Dept. of Labor, Louisville, for respondent James R. Yocom, Commissioner of Labor and Custodian of the Special Fund.

CLAYTON, Justice.

Glenn Jackson, movant here, was awarded workmen's compensation benefits for permanent total disability caused by silicosis incurred during his 27-year term of employment with General Refractories Company. Upon the advice of his doctor, Jackson voluntarily ended his employment as a brickworker on February 2, 1972, because he could no longer tolerate the dust to which he was exposed at work. More than three years passed before Jackson was informed by Dr. Richard P. O'Neill on May 14, 1975, that he had contracted the occupational disease of silicosis. Jackson then notified his former employer of his claim for workmen's compensation on June 9, 1975.

The only issue before this court is whether General Refractories received timely notice of movant's claim. The applicable statute, KRS 342.316(2)(a) provided:

> [N]otice of claim shall be given to the employer as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur.

The Workmen's Compensation Board found that movant did not know he had the disease prior to Dr. O'Neill's diagnosis and concluded that notice within one month of the diagnosis was timely. The Carter Circuit Court affirmed. The Court of Appeals reversed, holding that notice was not timely given since movant had experienced distinct manifestations of the occupational disease in 1972. Discretionary review was granted to determine whether the Court of Appeals erred in substituting its opinion for that of the Board.

 This court has consistently held that a finding of the Board on a question of fact cannot be disturbed on appeal if there is any substantial evidence to support it. *Yocom v. Harvey*, Ky., 578 S.W.2d 52 (1979); *Pruitt v. Bugg Bros.*, Ky., 547 S.W.2d 123 (1977). Notice is an issue of fact for Board determination. *Yocum v.*

*Harrison*, Ky., 517 S.W.2d 231 (1975); *Blue Diamond Coal Co. v. Terry*, Ky., 416 S.W.2d 350 (1967). When one of two reasonable inferences may be drawn from the evidence, the finders of fact may choose. *Blair Fork Coal Co. v. Blankenship*, Ky., 416 S.W.2d 716, 718 (1967). While as triers of fact the members of this court may very well have made a finding different from that of the Board, we are unable to say that the Board could not reasonably infer from the evidence that movant was not aware that he had an occupational disease until Dr. O'Neill's diagnosis. The finding of the Board that notice was timely given was supported by substantial evidence.

The decision of the Court of Appeals is reversed. The judgment of the Carter Circuit Court and the award of the Workmen's Compensation Board are affirmed.

All concur except STEPHENSON, J., who dissents.

STEPHENSON, Justice, dissenting.

I have an uncomfortable feeling when I see this court render opinions which, in effect, repeal acts of the General Assembly. The majority opinion is another of those opinions which has eroded and finally disposed of the "distinct manifestation" clause of KRS 342.316(2)(a). According to the present state of case law, the "distinct manifestation" clause can never come into effect. The claimant must *know*. Being of the opinion that acts of the General Assembly should be given some effect, I dissent from the majority opinion.