**ISLAND CREEK COAL COMPANY, Appellant,**

v.

**James T. BUCKMAN; John Calhoun Wells, Secretary, Labor Cabinet (Special Fund); and Workers' Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Dec. 27, 1985.

Case Ordered Published by Court of Appeals July 4, 1986.

Rehearing Denied July 4, 1986.

Discretionary Review Denied by Supreme Court Sept. 16, 1986.

William P. Swain, Larry Johnson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

David R. Allen, Labor Cabinet, Louisville, for appellee, Special Fund.

Henry Neel, Henderson, for appellee, Buckman.

Before GUDGEL, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment affirming the Workers' Compensation Board in an award which apportioned liability equally between the employer and the Special Fund. The appellant maintains that the entire award should have been apportioned against the Special Fund as all the medical evidence indicated there would be no disability but for a pre-existing condition.

The matter arose out of two alleged work-related injuries in the Fall of 1981. In late October of that year, Dr. Dominguez performed surgery to repair a herniated disc. Dr. Dominguez assigned a 20% functional impairment rating to the body as a whole. He apportioned that rating equally between the injury incidents and the pre-existing condition.

Dr. Quader also examined the appellee and assessed a 20% permanent functional impairment. Apportioning 10% to the impairment and 10% to the pre-existing condition, Dr. Quader further testified that the work-related injury, by itself, would not have produced any active disability. Dr. Dominguez did not express an opinion as to whether any disability would have ensued but for the existence of the pre-existing condition.

The Board awarded 100% disability, apportioning 50% to the employer and 50% to the Special Fund. Appellant, relying upon Dr. Quader's testimony that the injury alone would not have caused any disability, refers us to *Stovall v. Dal-Camp, Inc.*, Ky., 669 S.W.2d 531 (1984). In *Stovall*, the court stated, in regard to apportionment:

... the statute plainly directs that the employer shall be liable only for the degree of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused disease or condition. *Id.* at 535.

■ We have carefully examined the *Dal-Camp* opinion and are convinced that its holding is limited to heart attack cases. As stated therein:

Heart attack cases have presented myriad problems in the interpretation of the workers' compensation statute. As we noted in *Moore v. Square D. Co.,* [Ky., 518 S.W.2d 781] *supra,* special rules have been applied to these cases. *Id.* at 535. (citations omitted)

Moreover, we do not believe the case at bar is factually similar to the *Dal-Camp* case. This is not truly a case of uncontradicted evidence, but rather a situation where the Board has exercised its prerogative to believe part of the evidence and disbelieve other parts of the evidence. *Eaton Axle Corp. v. Nally,* Ky., 688 S.W.2d 334 (1985).

■ We agree with the trial court that there was sufficient evidence in the testimony of Dr. Dominguez to support the apportionment of the Board. This situation is more analogous to *Haycraft v. Corhart Refractories Co.,* Ky., 544 S.W.2d 222 (1977), and its progeny. In its order, the Board noted that the claimant's work history of arduous manual labor contributed to his degenerative disc disease process. *Southern Ky. Concrete Contractors v. Campbell,* Ky.App., 662 S.W.2d 221 (1983), and *Haycraft, supra,* approved such reasoning. Furthermore, the Board's finding on apportionment is not easily disturbed. The burden rests upon the employer and when the employer fails in this burden, the question is not whether further apportionment upon the Special Fund would have been justified or whether we would have made such an apportionment, but whether the record compels such a finding. *Kentland Elkhorn Coal Co. v. Johnson,* Ky. App., 549 S.W.2d 308 (1977); *Yocum v. Harvey,* Ky., 578 S.W.2d 52 (1979).

In this case, the evidence was not so compelling that the Board was required to apportion the entire award against the Special Fund.

The judgment of the Union Circuit Court is affirmed.

All concur.