ACCURIDE CORPORATION, Appellant,

v.

James David DONAHOO; Vicki G. Newberg, Acting Director of Special Fund; W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–212–WC.

Supreme Court of Kentucky.

Sept. 30, 1993.

Rehearing Denied Dec. 22, 1993.

Walter E. Harding and William P. Swain, Boehl, Stopher & Graves, Louisville, for appellant.

James Landon Overfield, Henderson, for appellee Donahoo.

Mark C. Webster, Labor Cabinet, Sp. Fund, Louisville, for appellee Newberg.

## OPINION OF THE COURT

The claimant suffered a back injury on December 29, 1986, which formed the basis for this action. Claimant had suffered two previous back injuries in 1955 and 1985. Dr. Dominquez, claimant's treating physician, testified that claimant had a functional impairment rating of 20% following the 1986 injury. He stated that 5% of the impairment was due to the previous injury and surgery in 1985. When asked to apportion the remaining 15% impairment between the effects of the injury itself and the arousal of the degenerative disc disease, Dr. Dominquez stated that the impairment would be apportioned in the "usual manner," 50% to the preexisting degenerative disc disease and 50% due to the effects of the injury or trauma suffered in 1986. He also stated that were it not for the degenerative disc disease, the 1986 incident would not have resulted in any permanent impairment.

Due to this last statement, the employer, Accuride Corporation (Accuride), has argued on appeal that liability for the 1986 injury should rest entirely with the Special Fund. KRS 342.120(3) [now (4)]; *Stovall v. Dal-Camp, Inc.*, Ky., 669 S.W.2d 531 (1984). This claim arose before the 1987 enactment of KRS 342.1202 which would settle this issue and is therefore governed by the apportionment provisions contained in KRS 342.120.[1]

The Administrative Law Judge (ALJ) concluded that claimant was totally disabled. Of the 100% disability rating, 30% was noncompensable, prior, active disability due to the

---

1. KRS 342.1202 provides that an award for permanent disability involving preexisting disease or condition of the heart or back shall be apportioned 50% to the employer and 50% to the Special Fund.

previous back injuries and resulting surgeries. The remaining 70% was apportioned equally between Accuride and the Special Fund. The ALJ's award was upheld by the Workers' Compensation Board (Board) and the Court of Appeals.

KRS 342.120(4) provides in pertinent part as follows:

> ... the employer shall be liable for the payment of all income benefits ... equal to the percentage of disability which would have resulted from the latter injury ... had there been no preexisting disability or dormant, but aroused disease or condition.

In *Stovall v. Dal–Camp, Inc., supra,* a heart attack case, the Court held that where there was uncontradicted medical evidence that the work-connected exertion would not have produced any disability absent the underlying nondisabling atherosclerotic condition, the entire award must be allocated against the Special Fund pursuant to KRS 342.120.

The issue in this case is whether the ALJ was free to apportion the award between the employer and the Special Fund, or whether pursuant to *Dal–Camp* liability for the entire award rests with the Special Fund.

In *Island Creek Coal Co. v. Buckman,* Ky.App., 714 S.W.2d 503 (1986), the Court of Appeals concluded that *Dal–Camp* was limited to heart attack cases. Furthermore, the court in *Buckman* construed medical testimony similar to that presented in the case at bar. The *Buckman* court concluded that unlike *Dal–Camp,* the medical evidence was conflicting, and therefore the Board was free to believe part of the evidence and apportion the award.

Likewise, in *Palmore v. Allgood,* Ky.App., 767 S.W.2d 328 (1988), there was testimony that the worker suffered a 15% occupational disability and that 5% could be attributed to dormant degenerative disc changes, and the remaining 10% to the effects of the injury suffered at work. The same physician also stated that a herniation does not occur but for the preexisting condition. The court considered this to be contradictory evidence, and reasoned that the fact finder was free to believe or disbelieve parts of the testimony

and rely upon the 5%/10% apportionment. Therefore, it was not reversible error to apportion the award between the employer and the Special Fund.

This brings us to Accuride's argument on appeal that a physician's testimony that he would apportion causation for claimant's impairment 50/50 between a prior condition and the effects of the injury, and his testimony that there would have been no permanent disability but for the prior condition is not contradictory. It seems to this Court that this is the physician's way of explaining the arousal of a preexisting, dormant, nondisabling condition into disabling reality. Accuride urges that since the testimony is not conflicting, the entire award must be borne by the Special Fund pursuant to KRS 342.120(4), and the *Dal–Camp* decision.

As the majority in *Dal–Camp* recognized, cases like this are difficult because the work-connected injury would not have produced any disability had it not been for the arousal of the underlying condition; and conversely, the underlying condition would not have produced any disability at that time had it not been for the work-connected injury or stress. Logically then, it may appear that liability for the disability should be apportioned according to the contribution of each factor. For example, if the physician testifies that the preexisting condition played a 50% role in producing the disability, then the Special Fund would be 50% liable. If likewise the work-related injury played a 50% role in producing the disability, the employer would be responsible for that portion of the award. KRS 342.120(4) does not work that way. The statute protects employers from being held responsible for any portion of a worker's disability that was caused by nonwork-related factors. Therefore, if the medical evidence shows that but for the preexisting condition the injury would have resulted in no disability, the Special Fund is responsible for the entire award. This is not because the preexisting condition caused the entire disability, but because the injury alone would not have caused any disability.

The case at bar was affirmed throughout on the basis that the testimony of Dr. Dominquez was contradictory. *Island Creek v. Buckman, supra; Palmore v. Allgood, su-*

*pra.* We disagree. It is not easy, and is usually difficult, to translate medical testimony, which is as unique and ambiguous as the human body, into precise legal conclusions. A physician's attempt to demonstrate via percentages, i.e. apportionment, the underlying causes of a patient's overall problem does not automatically translate into legal apportionment of liability under the Act. The fact that a physician understands that it takes two causes acting equally and in concert to produce the disability (arousal), does not contradict his statement that one factor alone would have produced no disability.

Regardless of the purpose behind KRS 342.120, the language is clear. The employer is to pay that portion of the award equal to the percentage of disability which would have resulted absent a preexisting condition. Any unfairness inherent in the application of this statute to preexisting heart or back conditions has been remedied by the enactment of KRS 342.1202 which automatically apportions liability 50/50 between the employer and the Special Fund. However, this cause of action arose before that enactment.

The notion that the rationale in *Dal–Camp* is limited to heart attack cases is unsupported. That case applied KRS 342.-120 in a heart attack claim. However, the logic was related to the application of the statute under circumstances like those present here: medical testimony that the injury alone would have produced no disability. As we have explained, there is no inconsistency or contradiction with that testimony and a physician's statement regarding the proportional contribution of the medical factors causing the disability. *Palmore v. Allgood, supra*, which attempts to limit *Dal–Camp* to cases involving preexisting heart conditions, and *Island Creek Coal Co. v. Buckman, supra*, are overruled.

The decision of the Court of Appeals is reversed, and this action is remanded to the ALJ with directions to enter an award consistent with this opinion.

All concur.