Robert L. WHITTAKER, Acting Director of Special Fund, Appellant,

v.

Jenny HUFF; President Baking/Mother's cookies; Zaring P. Robertson, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 97–SC–278–WC.

Supreme Court of Kentucky.

Feb. 19, 1998.

Joel D. Zakem, Labor Cabinet—Special Fund, Louisville, for Appellant.

James T. Mitchell, Louisville, for Appellee Huff.

Walter E. Harding, and William P. Swain, Boehl, Stopher, & Graves, Louisville, for Appellee President Baking/Mother's Cookies.

## OPINION OF THE COURT

On August 8, 1992, claimant fell at work and sustained a relatively minor injury to her leg. She complained of continuing pain after the injury and eventually underwent a psychiatric evaluation by Dr. Siddiqui. His report indicated that he diagnosed an adjustment disorder with depressed mood which he believed was related to the leg injury. He also attributed some of her symptoms to a chronic pain syndrome, the etiology of which was unclear. He did not assign an impairment rating.

Dr. Cooley also evaluated claimant and testified that she suffered from a chronic pain disorder, with primarily psychologic features, and from a personality disorder. He concluded that these psychiatric conditions resulted in a 10% functional impairment. He also testified that the personality disorder was pre-existing at the time of the injury and that but for the personality disorder, the injury would have resulted in no psychiatric disability.

The Administrative Law Judge (ALJ) determined that the work-related incident aroused a pre-existing personality disorder and resulted in an occupational disability of 10%. Noting that the injury had caused claimant's personality disorder to become disabling, the ALJ determined that the employer was liable for the entire award pursuant to *Fischer Packing Co. v. Lanham*, Ky., 804 S.W.2d 4 (1991). Subsequently, the ALJ's determination was reversed by the Workers' Compensation Board (Board), in a decision which relied upon *Accuride v. Donahoo*, 865 S.W.2d 652 (Ky.1993). The decision of the Board was affirmed by the Court of Appeals; likewise, we affirm.

A review of recent developments in the law of apportionment is in order. In *Fischer Packing Company v. Lanham*, the worker sustained a partially disabling back injury which was apportioned equally between the

employer and the Special Fund pursuant to the evidence. Subsequently, the award was reopened upon evidence that a disabling psychological condition had developed as a result of the injury. The decision makes no reference to evidence of the arousal of a prior, dormant psychological condition. The Court noted that the underlying back condition had two causative components and that liability for the condition was apportioned equally. Since the psychiatric disability resulted from that condition, the Court concluded that it must be apportioned in the same manner as the underlying physical condition which caused it.

In *Accuride v. Donahoo,* the injured worker had developed degenerative disc disease as a result of two prior back injuries and before suffering a third injury in December, 1986. The ALJ determined that, absent the degenerative disc disease, the third injury would have resulted in no disability. Emphasizing the finding that the injury would have caused no disability had there been no prior condition, the Court determined that the entire liability was the responsibility of the Special Fund pursuant to KRS 342.120. *Id.* at 653.

■ Effective October 26, 1987, KRS 342.1202 provides as follows:

> An award for income benefits for total or partial disability under this chapter based, in whole or in part, on a pre-existing disease or pre-existing condition of the back, or of the heart shall be apportioned, by the administrative law judge, fifty percent (50%) to the employer and fifty percent (50%) to the special fund. Apportionment required by this section shall not be a cause of appeal.

The effect of the automatic apportionment provided by KRS 342.1202 was addressed in *Heartland Health Care v. Maupin,* Ky., 887 S.W.2d 553 (1994), where the claim involved a disabling back injury and also had a psychological component. Adopting language from the Board's opinion, the Court determined:

> [P]ursuant to *Fischer Packing Co. v. Lanham,* Ky., 804 S.W.2d 4 (1991), if an injury has two causative components, an accident and a pre-existing condition, any psychological condition resulting from that injury

must likewise be attributed to the same causative components. Thus, since the occupational disability resulting from [the worker's] physical condition was apportioned equally between his work accident and arousal of pre-existing conditions (whether by statute, stipulation, or in accordance with the evidence) the disability which is attributable to the psychological problems triggered by the injuries must be apportioned equally as well.

*Id.* at 554. The Court concluded that since KRS 342.1202 required that any disability "based in whole or in part" on a pre-existing condition of the back be apportioned equally and since the psychological disability was based, at least in part, upon the pre-existing back condition, it must also be apportioned equally. Had apportionment of liability for the underlying injury been made pursuant to stipulation or in accordance with the evidence, the apportionment of liability for a condition which flowed from the injury would have been made in the same manner as liability for the injury. In other words, the general rule is that the apportionment of disability for those conditions which flow from a work-related injury is the same as the apportionment of disability for the underlying injury.

The instant case is distinguishable from *Fischer Packing Co. v. Lanham* and from *Heartland Health Care v. Maupin,* both of which involved a disabling back injury which also resulted in psychological disability. Here, the work-related accident resulted in a leg injury which, itself, was not disabling but which aroused a prior, dormant personality disorder and caused it to become disabling. This distinction is significant for the purposes of apportionment.

■ The apportionment of liability for workers' compensation awards is controlled by KRS 342.120 and KRS 342.1202. Since the underlying injury was to claimant's leg, there is no question that claimant's disability did not result, in whole or in part, from a pre-existing condition of the back or heart. Therefore, KRS 342.120 controls the apportionment of this claim. In instances where a prior, dormant condition is aroused by a

work-related injury, KRS 342.120 limits the employer's liability to that for disability which would have resulted from the injury had there been no prior, dormant condition. As we recognized in *Accuride v. Donahoo*, once it has been determined that the injury aroused a pre-existing condition into disability, KRS 342.120 changes the focus of inquiry to whether the underlying injury would have resulted in any disability absent the pre-existing condition. *Id.* at 653.[1] Since the evidence was that claimant's leg injury would have resulted in no disability absent the prior personality disorder, KRS 342.120 requires that liability for the entire award be apportioned against the Special Fund.

The decision of the Court of Appeals is hereby affirmed.

All concur.

1. Since the back injury and degenerative condition which were at issue in *Accuride v. Donahoo* occurred before the effective date of KRS 342.1202, there was no question concerning whether KRS 342.120 or KRS 342.1202 controlled.