# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JANUARY 20, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0237-WC

WILLIAM DECKER                                                                    APPELLANT

ON APPEAL FROM COURT OF
APPEALS NO. 2018-CA-1163
V.               WORKERS' COMPENSATION BOARD
NO. WC-13-63962

CONTROL SYSTEMS; HONORABLE                                          APPELLEE
MONICA RICE-SMITH, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

William Decker appeals alleging error in the calculation of his pre-injury average weekly wage (AWW) and the application of the tier-down provisions[1] of KRS 342.730(4) to his permanent total disability (PTD) award. The Administrative Law Judge (ALJ) reconsidered her conclusions but made no changes. Later, the Workers' Compensation Board (Board) affirmed in part but vacated in part and remanded for correction of an error where two digits were transposed in the AWW. On appeal, the Court of Appeals denied a motion to

---

[1] Kentucky Revised Statutes (KRS) 342.730(4) pertains to the tier-down and the duration of workers' compensation disability awards and was amended in 1994, 1996, and 2018. The 1996 amendment was found unconstitutional during the pendency of this case. *Parker v. Webster Cnty. Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759 (Ky. 2017).

add the Attorney General as a party, affirmed in part the Board's finding as to AWW, but reversed and remanded to the ALJ with directions to determine the proper end date of Decker's benefits subject to the 2018 amendment to KRS 342.730(4). After a careful review, we affirm both the order and the opinion of the Court of Appeals.

## Factual and Procedural Background

Decker was born June 4, 1952. He went to work for Control Systems where he has a long history of working on and off since 1978. Decker worked as a laborer and construction worker doing carpentry and remodeling work on houses for Control Systems. On October 10, 2013, at age 66, while working tearing down plaster, he lifted a bag filled with plaster and injured his low back. He consulted with three doctors for treatment, participated in physical therapy, received lumbar fusion surgery, and was unable to return to any work requiring physical labor.

At the time of this injury, Decker was making $20 per hour, but his hours varied from week to week. In addition to his hourly wages, he received a Christmas bonus, which fluctuated in amount each year. The wages from the thirteen-week period of October 10, 2012, through January 10, 2013, were $6,256, including a $3,000 Christmas bonus. Decker only actually worked six weeks in that thirteen-week quarter and did not work any other periods during the year.

The ALJ calculated Decker's AWW by dividing $3,256 in wages by thirteen weeks to get $250.46 per week and dividing $3,000 in annual

2

Christmas bonus by fifty-two weeks to get $57.69 per week, then adding the two weekly sums together, inadvertently transposing two digits. On the other hand, because he only worked in one quarter of the year, Decker believed his AWW should have been figured by dividing his annual Christmas bonus portion by thirteen weeks in accordance with KRS 342.140(1)(d) rather than fifty-two weeks per KRS 342.140(1)(c).

Shortly before Decker's workers' compensation hearing took place, we held the 1996 amendment to KRS 342.730(4) was unconstitutional. *Parker*, 529 S.W.3d 759. When a statutory provision is held unconstitutional, the most recent earlier repealed version of the statute can become law again if that appears to have been the intent of the General Assembly. KRS 446.160. Believing that to be the case, the ALJ reasoned the 1994 amendment to KRS 342.730(4) was applicable. That version states:

> If the injury . . . occurs prior to the employee's sixty-fifth birthday, any income benefits awarded under KRS 342.750, 342.316, 342.732, or this section shall be reduced by ten percent (10%) beginning at age sixty-five (65) and by ten percent (10%) each year thereafter until and including age seventy (70). Income benefits shall not be reduced beyond the employee's seventieth birthday.

The ALJ awarded temporary total disability (TTD) benefits at the rate of $320.83 per week from October 15, 2013, through June 4, 2017, when Decker turned sixty-five, and $288.75 per week from June 5, 2017, through July 21, 2017, and PTD at the rate of $205.67 per week beginning July 22, 2017 subject to the tier-down provisions of the 1994 version of KRS 342.730(4), which continued the duration of Decker's PTD beyond his seventieth birthday.

3

Decker and Control Systems each filed a Petition for Reconsideration concerning which tier-down provision, if any, applied. The ALJ overruled that portion of both Petitions. Decker also requested reconsideration of the ALJ's calculation of his AWW contending the ALJ erred by spreading a $3,000 bonus over a period of fifty-two weeks, instead of over a period of thirteen weeks.

When the ALJ did not change her mind, Decker appealed to the Board again asking for the Christmas bonus portion of the AWW to be recalculated over thirteen weeks, instead of fifty-two, as well as to be relieved of the tier-down provisions. While this case was pending before the Board, the General Assembly passed a new version of KRS 342.730 in response to *Parker.* Part of the statute pertained to the tier down of benefits to older injured workers and the duration of those benefits. Because the new amendment did not go into effect until July 14, 2018, the week after the Board issued its opinion, the Board deemed the 2018 amendment to KRS 342.730 inapplicable and any argument relating to its applicability moot. Since an unconstitutional statute is null and void from the date of enactment, practically as if it never existed, the Board considered the 1994 amendment to KRS 342.730 to have been in effect. The Board affirmed the ALJ in part but vacated in part and remanded for the ALJ to correct the typographical error[2] in the AWW and other mathematical calculations which flowed from it.

---

[2] The ALJ's finding the AWW was $308.51 per week contained a typographical error. The correct figure was $308.15.

4

Decker's appeal to the Court of Appeals was held in abeyance pending this Court's holding in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019). In *Holcim*, we held the General Assembly intended the 2018 amendment to KRS 342.730(4) to apply retroactively to both new and pending cases based on language in the Legislative Research Commission note. *Id.* at 43-44. After this Court's holding in *Holcim*, Decker moved to add the Attorney General as a party to challenge the constitutionality of the retroactive nature of KRS 342.730(4). His motion was denied. The Court of Appeals affirmed the Board's decision in part as to AWW and reversed in part and remanded with directions to determine the proper end date for Decker's benefits subject to the 2018 version of KRS 342.730(4).

**Analysis**

Before this Court, Decker raises four arguments: (1) the ALJ erred in her calculation of AWW; (2) the Court of Appeals erred in finding the PTD award was subject to the 2018 amendment of KRS 342.730(4); (3) retroactive application violates the Contracts Clause of the United States and Kentucky Constitutions and violates Section 2 of the Kentucky Constitution as an exercise of arbitrary power; and (4) the Court of Appeals erred in overruling his motion to add the Attorney General as a party.

The well-established appellate standard of review relative to workers' compensation decisions "is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to

5

cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). "Our standard of review in workers' compensation claims differs depending on whether we are reviewing questions of law or questions of fact." *Miller v. Tema Isenmann, Inc.,* 542 S.W.3d 265, 270 (Ky. 2018).

An appellate court reviews de novo a decision of the Board or ALJ regarding proper interpretation of the law or its application of facts. *Id.* (citation omitted). However, concerning factual findings, "[t]he ALJ as fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence." *LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 386 (Ky. 2017) (citations omitted).

> An ALJ may draw reasonable inferences from the evidence, reject any testimony, and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. *Jackson v. Gen. Refractories Co.,* 581 S.W.2d 10 (Ky. 1979); *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15 (Ky. 1977); *Magic Coal Co. v. Fox*, 19 S.W.3d 88 (Ky. 2000). In that regard, an ALJ is vested with broad authority to decide questions involving causation. *Dravo Lime Co. v. Eakins*, 156 S.W.3d 283, 288-290 (Ky. 2005).

*Miller v. Go Hire Emp't Dev., Inc.,* 473 S.W.3d 621, 629 (Ky. App. 2015). "[A]n ALJ's decision should not be overturned on appeal unless it 'is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law.'" *Eddie's Serv. Ctr. v. Thomas*, 503 S.W.3d 881, 886 (Ky. 2016) (quoting *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000)).

Decker first contends the ALJ erred in calculating the AWW. As previously stated, Decker was paid $6,256 in the last thirteen-week quarter, with $3,000 of that being an annual Christmas bonus. The ALJ calculated the

6

annual Christmas bonus portion of the AWW by dividing $3,000 by fifty-two weeks. The ALJ believed an inaccurate and inflated AWW would result if the annual bonus was spread out only over a quarter, rather than a full year. Conversely, Decker's position is if he only worked six weeks in one quarter, then his Christmas bonus had to be the result of that thirteen-week work period. Therefore, according to Decker, it is improper to spread his bonus out over an entire year.

In computing an AWW, the ALJ's goal is to achieve a realistic reflection of the worker's earning capacity and a fair result to all parties. *See Huff v. Smith Trucking,* 6 S.W.3d 819, 820 (Ky. 1999). The ALJ, as factfinder, possesses discretion to tailor the AWW calculation to the unique facts and circumstances of each case. *See id.* at 822 (citing *C & D Bulldozing v. Brock,* 820 S.W.2d 482 (Ky. 1991)). "When one of two reasonable inferences may be drawn from the evidence, the finders of fact may choose." *Jackson,* 581 S.W.2d at 11 (citation omitted). Accordingly, the ALJ's finding the Christmas bonus was in the nature of wages set by the year, KRS 342.140(1)(c), was properly within her discretion and supported by substantial evidence. We discern no error in the method the ALJ used to calculate Decker's AWW.[3]

Decker next argues the Court of Appeals erred in finding the PTD award was subject to the newly amended version of KRS 342.730(4). In *Holcim,* we

---

[3] The Court of Appeals was correct to vacate the ALJ's transcription error where she calculated the AWW to be $308.51, rather than $308.15, and to remand to the ALJ for entry of an amended AWW of $308.15 and for corrections to the TTD and PTD. However, that matter has not been challenged.

held the 2018 amendment to KRS 342.730(4) applied retroactively to both new and pending cases. 581 S.W.2d at 43-44. Shortly after Decker's brief was filed in this Court, we rendered opinions addressing the constitutionality of the retroactivity of the 2018 amendment to KRS 341.730(4) in two cases, *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), and *Dowell v. Matthews Const.*, 627 S.W.3d 890 (Ky. 2021).

> In *Cates*, we noted the United States Supreme Court has postulated:
>
> Retroactivity provisions often serve entirely benign and legitimate purposes, whether to respond to emergencies, to correct mistakes, to prevent circumvention of a new statute in the interval immediately preceding its passage, or simply to give comprehensive effect to a new law Congress considers salutary.
>
> However, a requirement that Congress first make its intention clear helps ensure that Congress itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness.

627 S.W.3d at 871 (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 267-68 (1994)). Subsequently, we stated that after the 1996 amendment to KRS 432.730(4) was invalidated in *Parker*, the General Assembly acted quickly to amend the statute to fill the statutory gap. It was entirely reasonable and appropriate for the General Assembly to decide current workers' compensation claims be decided under a new amendment, rather than a version of the statute that had not been in effect for over twenty years. As a result, we held there was no arbitrary exercise of legislative authority in the retroactive application of the 2018 amendment to KRS 342.730(4) and an arbitrary classification of litigants was not created. *Cates*, 627 S.W.3d at 871-72.

8

Citing KRS 446.090, Decker further asserts *Parker's* invalidation of KRS 432.730(4) had no impact on the validity of the remaining portions of the statute and that they should therefore apply to his claim. At bottom, Decker appears to be seeking a reconsideration of our holding in *Holcim* which specifically held the 2018 amendment applied retroactively to all matters not fully adjudicated. We decline his invitation and find his argument to be without merit.

Decker next argues the retroactive application of KRS 342.730(4) violates the Contracts Clause of the United States and Kentucky Constitutions and violates Section 2 of the Kentucky Constitution as an exercise of arbitrary power. However, in *Dowell,* we held retroactive application of the 2018 version of KRS 342.730(4) was constitutional and did not violate the Contracts Clause. 627 S.W.3d 890. We joined other states[4] in holding our workers' compensation laws do not create a contract. *Id.* at 895-96 (citing *Gen. Motors Corp. v. Romein,* 503 U.S. 181, 190 (1992)). We set out a roadmap for analyzing whether a statute violates the Contract Clause in our holding in *Maze v. Bd. of Dir. for Commonwealth Postsecondary Education Prepaid Tuition Trust Fund*, 559 S.W.3d 354, 369 (Ky. 2018), but here such an "analysis is unnecessary because the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state. Instead, the WCA is a statutory scheme that may be amended as the General Assembly chooses,

---

[4] Those states include West Virginia, Michigan, and Nevada.

provided it fits within our constitutional framework." *Dowell*, 627 S.W.3d at 894-95. When workers' compensation benefits have not been completely litigated, potential awards must conform with the changes in the applicable law effective during the litigation process, and in *Holcim* we found the legislature intended the amendment to apply to all claims currently pending. *Id.* at 897-98. On the strength of *Cates* and *Dowell*, we reject both of Decker's arguments against retroactivity and affirm the Court of Appeals for the reasons set forth above.

Decker finally asserts the Court of Appeals erred in overruling his motion to add the Attorney General as a party. Decker attempted to add the Attorney General as a party following rendition of our opinion in *Holcim* where we determined KRS 342.730(4) applied retroactively to pending cases but declined to reach the constitutionality of the amendment. Only then did Decker have grounds to raise a constitutional challenge, but our civil rules do not contemplate a situation where the basis for a challenge does not arise until after the notice of appeal has been filed and the time for amendment has long past. The Court of Appeals denied Decker's request to add the Attorney General as a party, a correct decision given the circumstances. In this case, similar to *Dowell*, 627 S.W.3d 890, the Attorney General was aware of the arguments raised, received notice, and filed a response noting there was no provision for adding the Attorney General as an additional appellee, much less requiring him to participate in the appeal. We discern no error.

## Conclusion

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Wayne C. Daub


COUNSEL FOR APPELLEE:

Douglas A. U'Sellis
U'Sellis Mayer & Associates, PSC


ADMINISTRATIVE LAW JUDGE:
Hon. Monica J. Rice-Smith


WORKERS' COMPENSATION BOARD:
Michael Wayne Alvey
Chairman